*832 OPINION.
MoRRis:
The facts appear to be that taxpayer held by assignment from the original lessee two leases, each for a certain tract of real estate in the Borough of Brooklyn, New York City, running, respectively, 10 years and 8 years 11 months. Both expired on the same date.
Taxpayer built on one of the tracts a moving-picture theatre at a cost of $82,045.92, and on the other an aerodrome at a cost of $3,187.80.
The leases contain no provision for extension or renewal. Each provides for its surrender, with all repairs and improvements made on the land, at the end of the term. The case comes clearly within the puiwiew of the decision of the Supreme Court of the United States in Duffy v. Central R. R. Co. of New Jersey, 268 U. S. 55. That case related to a like provision in the Bevenue Act of 1916. It involved a 999-year lease and a 30-year lease and the improvements made by the lessee thereon.
Under the 30-year lease the lessee removed an old pier and built in its stead a new one. The court said, in part:
In respect of the 999 year leases, the additions and betterments will all be consumed in their use by the lessee within a fraction of the term, and, as to them, allowances for annual depreciation will suffice to meet the requirements of the statute. In the case of the pier leases, the improvements may and probably will outlast the term, and, as to them, deductions may more properly take the form of proportionate annual allowances for exhaustion.
In the instant case there could be no doubt that the improvements would in the natural course outlast the term of the lease. The lessee was clearly entitled to a proportionate annual allowance for exhaustion of the cost thereof, measured by the term of the lease.